THE WESLEYAN CEMETERY v. WILLIAM WOODRUFF.

(No. 2,167.)

1. Referees, under the code, possess judicial functions, with the exception of the power to render judgment and issue execution, they possess all the authority of the court which appoints them.
2. The report of a majority of referees is their judgment, under the submission, and unless set aside for sufficient cause, is final.
3. If no exception be taken to the competency or relevancy of testimony before referees, or if they have not been called on to state the conclusions of law and fact separately, their award can not be re-examined for that cause, unless error is manifest in the proceedings themselves.

GENERAL TERM.—Reserved from special term on exceptions to a report of referees.

The plaintiff filed her petition to obtain from the defendant an account of his receipts and expenditures, as her agent, and after his answer had been filed and testimony taken, it was ordered by the judge in special term, that the matters in controversy should be referred to three persons, who were named as referees, and for that purpose were then appointed by the court to examine and report at a future day. Under this order the referees proceeded to investigate the case, heard the testimony submitted by the parties, and finally reported their decision. On the coming in of their report, it was excepted to by the plaintiff, on the ground that it was not sustained by the evidence before the referees.

*Jozef Freon,* for plaintiff.

*Edward Woodruff,* for defendant.

STORER, J., delivered the opinion of the court.

We suppose that referees, when appointed under the code,

possess judicial functions; that the authority conferred is to hear and determine the cause, for we find it stated, "the trial before them shall be conducted in the same manner as a trial by the court; their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action was tried by the court; when the referee is to report the facts, the report shall have the effect of a special verdict."

With the exception of the power to render judgment and issue execution, it would seem the referees possessed all the authority of the court who appointed them, to hear and decide upon the matters submitted.

It is well settled that where a trust or authority is delegated to several persons for mere private purposes, the concurrence of all is necessary to its due execution. Kyd on Awards, 106; 6 Johns. 40, Green v. Miller; 5 Ohio, 489, Young v. Buckingham: Co. Litt. 181 b.

But when the power conferred is of a public nature, or to decide a question judicially, a majority of those vested with authority may determine the question, though as a general rule all ought to be present to hear the proofs and arguments adduced by the parties interested. 1 Bos. & Pul. 229, Grindley v. Barker; 2d ib. 31, Cook v. Loveland; 1 Johns. 500, Orvis v. Thompson; 3 T. R. 592, Rex v. Beeston, 5 Ohio, 489, supra. In this last case, our supreme court held, that the report of a majority of the commissioners appointed by the court of common pleas, to appraise lands condemned for public uses, would bind the minority, and justified their decision on the ground the power conferred was of a public nature. 11 Ves. 158, Watson v. Duke of Northumberland.

This principle regulates the action of every judicial tribunal, and is that upon which the right of the majority of the judges to determine all facts litigated before them, depends. The organization of courts is but the deputation of power, confided by the government of the country, and the commission granted to those who administer the law contemplates, not unanimity in the opinions of all, but their joint award only.

It can be required of jurors alone, that they should all agree before a verdict can be rendered.

We think, then, that the report of a majority of the referees, appointed by the court, is their judgment under the submission, and unless it is set aside for sufficient cause, will be final in this case.

The second question reserved, must be *examined* as if it were now made to general term, upon the record of the case, determined in the same manner, at special term; if no exception has been taken to the competency or relevancy of the testimony offered before the referees, at the time it was offered, and properly noted upon the proceedings; if the referees themselves have not been requested to state the facts found by them, and their conclusions of law separately, we suppose their award can not be re-examined, set aside, or modified, unless the error appears in the proceedings themselves; whether they rendered a larger sum than the evidence justified, or allowed less to the successful party than he might properly claim, is not matter for our consideration; we must leave the parties where we find them. This is the course pursued by the New York courts, under their code which is very similar to ours. Voorhes prac. 295; 2 Code Rep. 148, *Smith* v. *Caswell;* 11 Howard P. R. 412, *Lakin* v. *N. Y. & Erie R. R. Co.*

Remanded for judgment on the report.